**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**NANCY HART,**

        Plaintiff-Claimant,

    **v.**                                           **Case No. 13-C-1125**

**CAROLYN W. COLVIN,**
**Acting Commissioner of Social Security,**

        Defendant-Respondent.

---

## DECISION AND ORDER

---

      Plaintiff-Claimant Nancy Hart ("Hart") seeks leave to proceed *in forma pauperis* on action for judicial review of the denial of her social security disability benefits claim. In order to authorize a litigant to proceed *in forma pauperis*, the Court must make two determinations: First, whether the litigant is unable to pay the costs of commencing this action; and, second, whether the action is frivolous or malicious. 28 U.S.C. §§ 1915(a) and (e)(2)(B)(i).

      By her petition and affidavit to proceed *in forma pauperis*, Hart avers that she is unemployed. She is responsible for supporting a son and a daughter and provides $480 in support for her daughter and $77 for her son. She owns her residence and has a mortgage but does not state the value of her home or the amount of the mortgage.

      Hart states that she receives $1,837 in income and her total monthly expenses $1,817.33, which includes $129 for electric and gas; $50 for cell phone; $700 for a Chapter 13 bankruptcy plan; $150 for her home phone and cable; $80 for medical

appointments; $100 for transportation; and $100 for household expenses.[1] Hart also owes $1,000 for a medical bill, $3,500 to a relative, $500 for a mortgage, and an additional $600. Hart's expenses exceed in her income and she has a considerable debt obligation. In the Court's view, Hart has satisfied the requirements of 28 U.S.C. § 1915(a) and is unable to pay the $350 filing fee for this action.

Hart must next demonstrate that her action has merit as required by 28 U.S.C. § 1915(e)(2)(B)(i). An action is frivolous if there is no arguable basis for relief either in law or in fact. *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 325 (1989)); *Casteel v. Pieschek,* 3 F.3d 1050, 1056 (7th Cir. 1993).

Under 42 U.S.C. § 405(g), a plaintiff may obtain review of the Social Security Commissioner's decision. Upon judicial review, this Court must uphold the Commissioner's final decision as long as the correct legal standards have been used and the decision is supported by substantial evidence. *See Roddy v. Astrue,* 705 F.3d 631, 636 (7th Cir. 2013).

Hart's request for review by the Appeals Council was denied; however, it granted her request for additional time to file this action. Hart raises multiple contentions, including that the Administrative Law Judge ("ALJ") made errors in stating and applying the criteria for evaluating the limiting effects of her symptoms; applied the wrong standard to the assessment of her credibility and failed to adequately articulate that credibility

---

[1] These expenses total $1,309.

determination and failed to properly evaluate the treating source opinion of a "Dr. Wichman."  Hart also asserts that the ALJ improperly faulted her statements about her symptoms and their limiting effects because she applied for and received unemployment compensation; evaluated the severity of her impairments at steps two, three, and four of the five-step sequential evaluation process of social security disability claims; denied her claim for benefits in light the ALJ's finding that she could only work 90 percent of the work-day; and failed to comply with binding administrative rulings.

Hart's Complaint states a claim that the Commissioner's decision regarding the denial of her application for social security disability benefits is not supported by substantial evidence, or is contrary to law.  At this preliminary stage of the proceedings, the Court concludes that there may be a basis in law or in fact for Hart's appeal of the Commissioner's decision and the appeal may have merit, as defined by 28 U.S.C. § 1915(e)(2)(B)(i).  Therefore, the Court grants Hart's request to proceed *in forma pauperis*.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Hart's petition for leave to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**.

Dated at Milwaukee, Wisconsin, this 16th day of October, 2013.

BY THE COURT:

*Rudolph T. Randa*
HON. RUDOLPH T. RANDA
**U.S. District Judge**

- 3 -